IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**

        Plaintiff,

v.	CIVIL ACTION NO: 3:13-CV-164
	(JUDGE GROH)

**ROBERT LINDEN PENNINGTON,
LOIS ELAINE PENNINGTON,
ROBERT LEE PENNINGTON,
and CRYSTAL PENNINGTON,**

        Defendants.

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION REQUESTING ENTRY OF DEFAULT AGAINST DEFENDANT CRYSTAL PENNINGTON

On this day, the above-styled matter came before this Court for consideration of the Plaintiff's Motion Requesting Entry of Default Against Defendant Crystal Pennington [Doc. 16], filed March 4, 2014. For the reason that follows, the Court **DENIES** this motion **WITHOUT PREJUDICE**.

After a defendant fails to plead or defend, Federal Rule of Civil Procedure 55 provides for a two-step default judgment process. Rodriguez v. Irwin, No. 7:10-CV-102-FL, 2011 WL 737316, at *5 (E.D.N.C. Feb. 23, 2011); see also Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981). First, under Rule 55(a), "the clerk must enter the party's default" upon the plaintiff's request. Meehan, 652 F.2d at 276; see also Hayhurst v. Liberty Int'l Underwriters, Inc., No. 5:08CV107, 2009 U.S. Dist. LEXIS 5347, at *2 (N.D. W. Va. Jan. 26, 2009) ("To obtain a default judgment, a party *must first seek an entry of*

*default* under Federal Rule of Civil Procedure 55(a)." (emphasis added)). Only after the clerk enters a default may the plaintiff seek a default judgment under Rule 55(b)(1) or (2). FED. R. CIV. P. 55(b); see also Rodriquez, 2011 WL 737316, at *5. If the defendant has failed to appear and "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the plaintiff can request a default judgment from the clerk under Rule 55(b)(1). FED. R. CIV. P. 55(b)(1); see also Rodriquez, 2011 WL 737316, at *5. If that is not the case, "the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2).

Here, the Plaintiff did not apply to the clerk for an entry of default under Rule 55(a) before filing the instant motion for default judgment. Instead, the Plaintiff filed a motion with the Court seeking an order directing the Clerk to enter default. Because compliance with Rule 55(a) is a prerequisite for an entry of judgment under Rule 55(b)(1) or (2), this motion is "not on the proper procedural footing." See Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995); see also Christenson Media Group, Inc. v. Lang Indus., Inc., 782 F. Supp. 2d 1213, 1222 (D. Kan. 2011) (stating that "Fed. R. Civ. P. 55 contemplates a two-step process in which a plaintiff must first apply to the clerk for entry of default under subsection (a)"); L & M Companies, Inc. v. Biggers III Produce, Inc., No. 3:08cv309–RJC–DCK, 2010 WL 1439411, at *5 (W.D.N.C. Apr. 9, 2010) (noting that the clerk's entry of default is a prerequisite to the entry of a default judgment). For this reason, the Court **DENIES WITHOUT PREJUDICE** the Plaintiff's Motion Requesting Entry of Default Against Defendant Crystal Pennington. If the Plaintiff seeks default judgment, it must first apply

2

to the clerk, not the Court, for entry of default.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and/or *pro se* parties.

**DATED:** March 10, 2014.

/s/ Gina M. Groh
GINA M. GROH
UNITED STATES DISTRICT JUDGE